UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,                                        No. 18-11779

v.                                                District Judge Nancy G. Edmunds
                                                   Magistrate Judge R. Steven Whalen

JOHN DOE, subscriber assigned
IP address76.204.3.14,

        Defendant.
_____/

## OPINION AND ORDER

      This is a copyright infringement case. Plaintiff Malibu Media, LLC ("Malibu") owns copyrights to various films, including 4 specific copyrighted works that are the subject of this lawsuit. *See Complaint* [Doc. #1], Exhibit A. Before the Court is Malibu's motion for leave to serve a third party subpoena on Internet Service Provider AT&T Internet Services ("AT&T") prior to a Rule 26(f) conference [Doc. #2].[1] For the reasons discussed below, the motion is GRANTED.

      Malibu does not know the name of the John Doe Defendant, but states that it has identified the Defendant by a unique Internet Protocol ("IP") address that was involved in the alleged infringement (i.e., downloading a movie without paying) while participating in a "BitTorrent swarm."

      Plaintiff has submitted as Exhibit 2 the declaration of Patrick Paige, a computer expert who formerly served as a detective in the computer crimes unit of the Palm Beach County Sheriff's Department. Mr. Paige states that once an Internet Service Provider ("ISP") is provided with an IP address and the date and time of documented activity, the

---

[1] The brief support of this motion is filed under Doc. #3.

ISP "can use their subscriber logs to identify the name, address, email address and phone number of the applicable subscriber in control of that IP address at the stipulated date and time." Paige Declaration, ¶ 15. He also states, "In order to ascertain the identity of the infringer, just as with law enforcement, Malibu Media must subpoena the ISP to learn the subscriber's true identity." *Id*. ¶ 27.

Plaintiff has also proffered as Exhibit 3 the declaration of Tobias Feiser of IPP, Limited ("IPP"), a company that provides forensic investigation services to copyright owners. Mr. Feiser states that as part of his investigation, he found that the IP address associated with the John Doe Defendant (76.204.3.14) transmitted copies of the copyrighted works set forth in the complaint.

F. R. Civ. P. 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule)(1)(B), or when authorized by these rules, by stipulation, *or by court order"* (emphasis added). Malibu is correct that a district court has the discretion to permit the early issuance of a Rule 45 subpoena prior to a Rule 26(f) conference. This issue arises not infrequently in copyright infringement cases where the identity of the alleged infringer is not known. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2nd Cir. 2012). The standard for granting a motion for this type of subpoena is good cause. *Id*. The factors that a court considers are (1) a prima facie showing of copyright infringement, (2) a specific discovery request, (3) an absence of alternative means to obtained the subpoenaed information, (4) plaintiff's central need for the subpoenaed information, and (5) the defendant's minimal expectation of privacy. *Id*.

Having reviewed the complaint, Plaintiff's motion, and all accompanying exhibits, I am satisfied that under these standards, there is good cause to issue the Rule 45 subpoena prior to the Rule 26(a) conference, in that there is no other reasonable

alternative to discovering the Defendant's true identity.[2]

Accordingly, Plaintiff's motion for leave to serve third party subpoena [Doc. #2] is GRANTED, as follows:

1.  Plaintiff Malibu Media, LLC may serve a Rule 45 subpoena on Internet Service AT&T Internet Services, in order to identify the actual name and contact information for John Doe, who is associated with IP address 76.204.3.14. The subpoena will be limited to following information about John Doe: name, address, telephone number, and email address. A copy of this Opinion and Order shall be attached to any such subpoena.

2.  AT&T shall in turn serve a copy of the subpoena and a copy of this order on the subscriber, defendant John Doe, within 30 days from the date of service of the subpoena on the ISP. The ISP may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

3.  Nothing in this order precludes the ISP or Defendant John Doe from challenging the subpoena consistent with the Federal Rules of Civil Procedure and this Court's Local Rules. However, any such challenge, such as a motion to quash the subpoena or a motion for a protective order, shall be filed before the return date of the subject subpoena, and the return date shall be no earlier than 30 days from the date of service of the subpoena on the ISP.

4.  If the ISP or the subscriber files a motion to quash or a motion for a protective order, the ISP shall preserve the information sought by the subpoena pending resolution of such a motion.

---

[2] This case is distinguishable from others where Malibu Media names and seeks the identity of numerous John Doe defendants. *See, eg., Malibu Media, LLC v. Does 1-13*, 2012 WL 2800123 (E.D. Cal. 2012), where the court permitted a subpoena to only one of thirteen John Doe defendants.

5. Any information disclosed to plaintiff by the ISP may only be used by plaintiff for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101 et seq.

IT IS SO ORDERED.

Dated: June 18, 2018         s/R. Steven Whalen
                             R. STEVEN WHALEN
                             UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify on June 18, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on June 18, 2018.

                             s/Carolyn M. Ciesla
                             Case Manager for the
                             Honorable R. Steven Whalen